IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL

LESSER V. EAGLE HILLS HOMEOWNERS' ASSN.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

NICK LESSER, ALSO KNOWN AS KLAUS LESSER, APPELLANT,
V.
EAGLE HILLS HOMEOWNERS' ASSOCIATION, INC., APPELLEE.

Filed April 16, 2013.    No. A-12-766.

Appeal from the District Court for Sarpy County: MAX KELCH, Judge. Affirmed.

Douglas W. Ruge, P.C., L.L.O., for appellant.

Steven G. Ranum and Scott D. Jochim, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., for appellee.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Nick Lesser, also known as Klaus Lesser, filed a declaratory judgment action against Eagle Hills Homeowners' Association, Inc. (Eagle Hills), seeking a declaration that the board of directors' vote to amend Eagle Hills' bylaws was valid. The district court for Sarpy County granted Eagle Hills' motion to dismiss. Because we find that a vote of the members was required to approve the bylaw amendments and that the board of directors' vote did not constitute a vote of the members, we affirm the district court's order dismissing Lesser's complaint.

### BACKGROUND

Eagle Hills is a nonprofit Nebraska corporation. Lesser is a member of Eagle Hills, and at one point, he served on the Eagle Hills board of directors. Eagle Hills' original bylaws provided that the bylaws may be modified or amended by the board of directors or by the majority vote of members at any annual, regular, or special meeting.

At a board of directors meeting on April 5, 2011, the directors approved amendments to the bylaws by a vote of 5 to 3. One of the amendments to the bylaws changed the manner in which the bylaws could be amended. The amendment stated that the bylaws could only be modified by an affirmative vote of at least 75 percent of the entire number of votes entitled to be cast by all members. Thus, instead of allowing amendment of the bylaws by the board of directors or by a majority vote of the members present, a vote of at least 75 percent of the entire membership would be required.

Shortly after the April 5, 2011, meeting, a new board of directors took over and refused to acknowledge the amended bylaws. Lesser subsequently filed an action in Sarpy County District Court seeking a declaratory judgment determining the validity of the vote approving the amended bylaws and an injunction preventing Eagle Hills from deviating from the amendment at issue.

Eagle Hills moved to dismiss Lesser's action, arguing that Nebraska law requires bylaw amendments which increase or decrease the vote required for any member action to be approved by the members. The district court found that Lesser failed to state a claim because he admitted only the board of directors approved the amended bylaws, not the members, and the district court granted the motion to dismiss. Lesser timely appeals.

## ASSIGNMENTS OF ERROR

Lesser alleges the district court erred in (1) finding that Neb. Rev. Stat. § 21-19,114 (Reissue 2012) was not the controlling statute and (2) finding that Neb. Rev. Stat. § 21-1962(b) (Reissue 2012) supersedes § 21-19,114.

## STANDARD OF REVIEW

An appellate court reviews a district court's order granting a motion to dismiss de novo. *Central Neb. Pub. Power v. Jeffrey Lake Dev.*, 282 Neb. 762, 810 N.W.2d 144 (2011). When reviewing a dismissal order, the appellate court accepts as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions. *Id.* To prevail against a motion to dismiss for failure to state a claim, the pleader must allege sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Id.*

## ANALYSIS

Because the law applicable to both of Lesser's assignments of error is the same, we address them together. Lesser's amended complaint sought a declaratory judgment that the board of directors' vote to approve the bylaw amendments was valid. Lesser argues that under § 21-19,114, the vote by the board of directors was sufficient. The district court determined that due to the nature of the amendment at issue, § 21-1962(b) required a vote of the members, and that therefore, any theory of recovery premised on a properly adopted bylaw was void. We agree.

Statutes relating to the same subject matter will be construed so as to maintain a sensible and consistent scheme and so that effect is given to every provision. *State v. County of Lancaster*, 272 Neb. 376, 721 N.W.2d 644 (2006). However, if a conflict exists between two

statutes on the same subject matter, the special provisions of a statute prevail over the general provisions in the same or other statutes. *Id.*

Section 21-19,114 provides:

(a) Unless the Nebraska Nonprofit Corporation Act, the articles, bylaws, the members (acting pursuant to subsection (b) of this section), or the board of directors (acting pursuant to subsection (c) of this section) require a greater vote or voting class, an amendment to a corporation's bylaws to be adopted must be approved:

. . . .

(2) If the articles authorize:

(i)(A) By the board if the amendment does not relate to the number of directors, the composition of the board, the term of office of the directors, or the method or way in which directors are elected or selected . . . .

Accordingly, a board of directors is generally authorized to approve amendments to the corporation's bylaws. This authorization is limited, however, if another provision requires a greater vote or voting class. Section 21-1962(b) provides that "[a] bylaw amendment to increase or decrease the vote required for any member action must be approved by the members." Thus, when the amendment to be voted on changes the vote required for a member action, the amendment must be approved by the members.

The amendment at issue here increased the member vote required to approve bylaw modifications, and it is undisputed that only the board of directors voted to approve the amendment. Because a more specific statute prevails over a conflicting general provision, we find that § 21-1962(b) prevails over § 21-19,114. Therefore, a greater voting class, i.e., the members instead of the board of directors, was required to approve the amendment.

Lesser argues that even if § 21-1962(b) applies here, the board of directors' vote satisfies the requirement because each director is also a member of Eagle Hills. The Nebraska Nonprofit Corporation Act defines "[a]pproved by . . . the members" as

approved or ratified by the affirmative vote of a majority of the votes represented and voting at a duly held meeting at which a quorum is present (which affirmative votes also constitute a majority of the required quorum) or by a written ballot, or written consent in conformity with the act or by the affirmative vote, written ballot, or written consent of such greater proportion, including the votes of all the members of any class, unit, or grouping as may be provided in the articles, bylaws, or the act for any specified member action.

Neb. Rev. Stat. § 21-1914(1) (Reissue 2012).

Lesser claims that the board of directors constitutes a "grouping" of members. We disagree. The articles, bylaws, or act must have created a grouping for the specified member action of increasing the member vote required to amend the bylaws. We find nothing in Eagle Hills' bylaws or the act creating a grouping for this specified purpose, and Eagle Hills' articles of incorporation are not part of the record. Accordingly, we find the bylaw amendments were not properly approved by the members.

## CONCLUSION

For the foregoing reasons, we find the district court did not err in granting Eagle Hills' motion to dismiss.

AFFIRMED.